Rene CORONADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00574–CR.

Court of Appeals of Texas, San Antonio.

Feb. 19, 1986.

Andrew Carruthers, San Antonio, for appellant.

Sam Millsap, Jr., Thomas McHugh, Sid Harle, Margaret Embry, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for murder. The jury found appellant guilty as charged and the trial court assessed the punishment at fifty years' confinement.

■ The indictment charged appellant with intentionally and knowingly causing the death of Frutoso Hernandez by shooting him with a gun. The jury was charged on the law of parties as follows:

\* \* \* \* \* \*

### IV.

Therefore, if you find from the evidence beyond a reasonable doubt that Rosendo Cortez Martinez, on or about the 20th day of November, 1982, in Bexar County, Texas, did intentionally or knowingly cause the death of an individual, namely Frutoso Hernandez, by shooting Frutoso Hernandez with a gun, and if you further find from the evidence beyond a reasonable doubt that at such time, the defendant, Rene Coronado, was then and there acting together with the said Rosendo Cortez Martinez in the furtherance of a conspiracy with the said Rosendo Cortez Martinez to commit the offense of aggravated robbery upon the said Frutoso Hernandez, as the term "aggravated robbery" has been hereinabove defined and that said shooting was committed in furtherance of the unlawful purpose, and that the shooting of the said Frutoso Hernandez with a gun was an offense that should have been anticipated by Rene Coronado as a result of the carrying out of the conspiracy, then you will find the defendant, Rene Coronado, guilty of the offense of murder, as alleged in the indictment.

Appellant's initial complaint alleges that the evidence is insufficient, in light of the charge, to support the conviction for the offense charged in the indictment. He argues that there is insufficient evidence to establish proof beyond a reasonable doubt that he entered into a conspiracy to commit the robbery which resulted in the killing of the victim.

The record evidence clearly shows that appellant and Rosendo Martinez were acting together when the victim was shot in furtherance of the commission of aggravated robbery. Appellant admitted that he was with Martinez when the victim was shot and then robbed. He gave specific details as to how they disposed of the body of the deceased, but claimed that Martinez was the triggerman. The witness Ruben Rodriguez testified that he met appellant and Martinez at a Stop-N-Go where Martinez was putting gas in a car which was later identified as belonging to the deceased. He stated that he went "riding" with them and in conversation, appellant admitted killing a man earlier and dumping his body at Pablo's Grove. Martinez told Rodriguez that he was going to take the blame because the gun used belonged to his father. The witness, Janie Escobedo, testified that Martinez, her boyfriend, told her of the killing and robbery, but that appellant "did it all."

A charge to the jury on the law of parties when there is no such allegation in the indictment does not constitute reversible error. *English v. State*, 592 S.W.2d 949 (Tex.Crim.App.1980), *cert. denied*, 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120; *Ellett v. State*, 607 S.W.2d 545, 547 (Tex.Crim.App. 1980). The question of whether the admissions made to the witnesses Rodriguez and Escobedo constituted legally admissible evidence is not before us. Nevertheless, it does appear that subsequent events could be interpreted as a continuing conspiracy since both appellant and Martinez were trying to dispose of the weapon.

In this case the State proved that appellant and Martinez acted together to murder and rob the victim. They subsequently disposed of the body and shared the use of the victim's automobile. This, without more, was sufficient to establish a conspiracy. *See Morgan v. State*, 519 S.W.2d 449, 451 (Tex.Crim.App.1975). Moreover, there was sufficient direct testimony from which the jury could have inferred that the killing

and robbery were committed as a result of a conspiracy. *See Ruiz v. State,* 579 S.W.2d 206, 209 (Tex.Crim.App.1979); *Curtis v. State,* 573 S.W.2d 219, 222 (Tex.Crim. App.1978). Accordingly, the first ground of error is overruled.

In his second ground of error, appellant complains that the trial court erred in overruling his objection to the following portion of the prosecutor's closing argument: "In closing and conclusion, I would ask you in this case to base your verdict upon the evidence you heard from the witness stand. Sympathy has no place in your verdict unless its sympathy for this man, the dead man Frutoso Hernandez."

The approved areas for jury argument are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Todd v. State,* 598 S.W.2d 286, 296–97 (Tex. Crim.App.1980). Even when an argument exceeds the permissible bounds of the above areas, it will not constitute reversible error unless, in light of the record as a whole, the argument is extremely or manifestly improper, is in violation of a statute, or injects new facts, harmful to the accused, into the trial. *Cannon v. State,* 668 S.W.2d 401, 404 (Tex.Crim.App.1984). Appellant urges that the statement regarding sympathy for the victim was manifestly improper. A manifestly improper remark is one which is clearly calculated to prejudice the rights of the defendant. *Mathews v. State,* 635 S.W.2d 532, 540 (Tex.Crim. App.1982).

Although sympathy should not play a part in the jury's verdict, the thrust of the prosecutor's argument was that the jury should base its verdict on the evidence presented. The argument, standing alone, was not sufficiently inflammatory to warrant reversal. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.