**Virgie Nell JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00887–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 23, 1997.

Mark J. Kelly, Houston, for appellant.

Warren Goodson, Michael Guarino, Galveston, for appellee.

Before SCHNEIDER, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant, Virgie Nell Jordan, guilty of voluntary manslaughter, and assessed punishment at 16 years confinement. We affirm.

In her first point of error, appellant asserts the trial court committed reversible error by admitting her written confession. In her second point of error, appellant asserts the trial court committed reversible error by not filing findings of fact and conclusions of law with regard to the admissibility of appellant's written confession.

Before trial, a hearing was held on appellant's written motion to suppress her confession. At the conclusion of the suppression hearing, the trial judge simply stated, "It's admitted." No additional findings or conclusions appear in the statement of facts and the court did not file his findings.

Once a defendant raises the issue of the voluntariness of a confession, the burden is on the State to show through an evidentiary hearing that the confession was, in fact, voluntary and did not violate the defendant's rights. Such hearings are held away from the jury and the trial judge is the sole trier of fact and credibility. TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6 . (Vernon 1979); *Jackson v. Denno,* 378 U.S. 368, 380, 84 S.Ct. 1774, 1782–83, 12 L.Ed.2d 908 (1964); *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex.Crim.App.1995); *see also Taylor v. State,* 630 S.W.2d 824, 825 (Tex.App.—Houston [1st Dist.] 1982, no pet.). The trial court is required to "enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific findings of facts upon which the conclusion was based" and file the order with the clerk. TEX.CODE CRIM. PROC. ANN. Art. 38.22, § 6. The Code of Criminal Procedure's requirement that a trial court state findings of fact and conclusions regarding voluntariness of an inculpatory statement is mandatory and does not require that counsel make a motion or objection in order to preserve error. *Green v. State,* 906 S.W.2d 937, 938 (Tex.Crim.App.1995).

When a trial judge does not file findings, appellate courts may abate the appeal to allow the judge to comply with the statute. *See, e.g., Bonham v. State,* 644 S.W.2d 5, 8 (Tex.Crim.App.1983); *Simpson v. State,* 603 S.W.2d 862, 865 (Tex.Crim.App. 1980). However, when a defendant testifies at trial to the same facts that are contained in a pre-trial confession, the defendant renders harmless the erroneous admission of the confession, and abatement is not necessary. *Amunson v. State,* 928 S.W.2d 601, 608 (Tex. App.—San Antonio 1996, pet. ref'd.). *See also Jones v. State,* 843 S.W.2d 487, 493 (Tex.Crim.App.1992) (where defendant testifies to same facts that were proved by the State, error, if any, in admitting such facts is harmless); *Sterling v. State,* 800 S.W.2d 513, 520 (Tex.Crim.App.1990) (admission of ille-

gally obtained confession was harmless in light of second admissible confession containing substantially same facts). In the present case, appellant testified at trial to exactly the same facts that were contained in her written confession, rendering the trial court's error harmless.

Accordingly, we overrule appellant's first and second points of error.

We affirm the judgment.