**Don Gene BOYETTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–94–00531–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 15, 1999.

Shawna L. Reagin, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for Appellee.

Panel consists of Justices O'CONNOR, ANDELL, and NUCHIA.

**OPINION ON REMAND**

MICHOL O'CONNOR, Justice.

On original submission, a majority of the panel held that Don Gene Boyette, the appellant, was denied the assistance of counsel during the 30 days for filing a motion for new trial. *Boyette v. State,* 908 S.W.2d 56 (Tex. App.—Houston [1st Dist.] 1995); *see also,* O'Connor, J., dissenting, at 59. The panel concluded the appellant had shown good cause under TEX.R.APP. P. 2 (1997) (*now* TEX.R.APP. P. 2) [1] to suspend the requirement

---

1. Subsection (b) of former Rule 2 became amended Rule 2, effective September 1, 1997.

Final Approval of Revisions to the Texas Rules of Appellate Procedure, 948–949 S.W.2d (Tex.

of TEX.R.APP. P. 31(a) (1997) (*now* TEX.R.APP. P. 21.4)[2] that a motion for new trial be filed within 30 days of sentencing. *Boyette*, 908 S.W.2d at 59. Finally, the panel remanded the case to the trial court "with instructions that all applicable appellate time tables be calculated to begin upon the trial court's receipt of the mandate." *Id.*

The Court of Criminal Appeals vacated the panel's judgment and remanded the case to this Court for reconsideration in light of its opinion in *Oldham v. State*, 977 S.W.2d 354 (Tex.Crim.App.1998). *See Boyette v. State*, 982 S.W.2d 428 (Tex.Crim.App.1998).

The appellant was convicted by a jury of delivery of a controlled substance. After the appellant entered a plea of true to allegations of an earlier conviction, the trial court assessed punishment at confinement for 15 years. Sentence was pronounced on May 26, 1994. Although the appellant was represented by appointed counsel, he filed a *pro se* notice of appeal and a pauper's oath immediately after sentencing. The district clerk's letter assigning the appeal to this Court indicated that the attorney of record on appeal was "to be determined," and was filed on May 27, 1994.[3] On July 11, 1994, 46 days after sentencing, the trial judge found the appellant to be indigent and appointed appellate counsel. The record contains no motion to withdraw by trial counsel.

■ This Court has consistently held that a defendant is entitled to counsel during the time period for filing a motion for new trial to assist the defendant in preparing the motion. *Cox v. State*, 797 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1990, no pet.); *Callis v. State*, 756 S.W.2d 826, 827 (Tex. App.—Houston [1st Dist.] 1988, no pet.). Appointed counsel remains as defendant's counsel for all purposes until he is expressly permitted to withdraw or the appeal is finished. *Ward v. State*, 740 S.W.2d 794, 798

(Tex.Crim.App.1987). On appeal, a defendant has the burden to demonstrate from the record that he was unable to file a motion for new trial because he was not represented by counsel. *Burnett v. State*, 959 S.W.2d 652, 659 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd).

■ The procedural facts of the appellant's case are similar to those in *Oldham.* Oldham, who was represented by trial counsel, filed a *pro se* notice of appeal and indigency 28 days after sentencing. The following day, the appeal was assigned to the court of appeals with the notation that the attorney of record on appeal was "to be determined." The trial judge found Oldham to be indigent and appointed appellate counsel 62 days after sentencing. *Oldham*, 977 S.W.2d at 355. The Court of Criminal Appeals said that Rule 2(b) should not be used to suspend or enlarge appellate time limits which regulate the orderly and timely process of moving a case from trial to finality of conviction. *Id.* at 359–60.[4]

The court reviewed the court of appeals' holding that Oldham had been denied counsel. The court found no evidence in the record that Oldham's trial counsel believed his duties were completed at the end of trial and thereafter abandoned him. The court held as follows:

> The only relevant facts the record shows are that the appellant filed a *pro se* notice of appeal and indigency on the twenty-eighth day after sentencing, there is a notation in the letter of assignment that attorney of record on appeal is to be determined, and appellate counsel was appointed sixty-two days after sentencing.
>
> We hold that such facts do not rebut the presumption that the appellant was represented by counsel and that counsel acted effectively. *Cf. Dyches v. State*, 382 S.W.2d 928, 930 (Tex.Crim.App.1964)

Cases) XLII (1997). The only substantive change was the addition to the amended rule of a provision that a court must not construe the rule to alter the time for perfecting an appeal in a civil case, an amendment irrelevant to this appeal.

**2.** Former Rule 31(a)(1) became amended Rule 21.4(a) with no substantive changes.

**3.** *See* TEX. GOV'T CODE ANN § 22.202(h) (1988) (relating to cases referred to the First or Fourteenth Courts of Appeals).

**4.** The court also noted that it was not restricting a court of appeals' power to abate an appeal and remand a case under authority other than Rule 2(b). *Id.* at 360.

("there is nothing in the record to show or indicate that the appellant was harmed by the failure of his counsel to file motion for new trial"). There is nothing in the record to suggest that the attorney did not discuss the merits of a motion for a new trial with the appellant, which the appellant rejected. When a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected. Additionally in this case, the fact that the appellant filed a *pro se* notice of appeal is evidence that she must have been informed of at least some of her appellate rights, and we presume she was adequately counseled unless the record affirmatively displays otherwise. We hold that the record shows that the appellant was officially represented by counsel at all times in the litigation, and the appellant has failed to overcome the presumption that counsel was acting effectively at all times.

*Id.* at 362–63. The court also observed:

The appellant in this case did not file a motion for a new trial. She has never indicated any grounds she would have raised in a motion for a new trial. She has never claimed that if she were to file a motion for a new trial that she would be entitled to a new trial, or even a hearing on her motion. The appellant has not claimed that her appeal or other rights were injured in any way due to her failure to file a motion for a new trial, or that she was not able to raise certain grounds because she did not first file a motion for a new trial. She does not claim that her trial counsel was ineffective for failing to file a motion for a new trial. The appellant does not assert that she was not informed by her trial counsel of the opportunity and grounds for filing a motion for a new trial. In fact, she has not even claimed that if given the opportunity to do so, that she would have filed, or would now in fact file, a motion for a new trial. She does claim, instead, simply that she was without counsel during the time limit for filing the motion for a new trial.

*Id.* at 361.

In his brief, the appellant contends a motion for new trial would be the only means by which certain issues could be properly explored and reviewed, *i.e.,* possible ineffectiveness of trial counsel and the possibility that the jury reached its verdict by way of some impermissible compromise. However, the appellant did not file a motion for new trial, did not contend that his counsel was ineffective for not filing a motion for new trial, and did not assert that he was denied the effective assistance of counsel in the trial court as a point of error in his brief.

The appellant's sole point of error is that he was denied his constitutional right to counsel during the 30 days for filing a motion for new trial. This issue is controlled by *Oldham.* We hold the appellant did not overcome the presumption that he was represented by counsel and that counsel acted effectively.

We overrule the appellant's point of error.

We affirm the judgment of the trial court.