Johnathan Derrick JACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–00953–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 10, 2002.

Jeffrey Karl Hale, Mary Connealy Acosta, Houston, for Appellant.

Calvin Hartmann, Houston, for State.

Panel consists of Justices COHEN, HEDGES, and TAFT.

### ORDER

PER CURIAM.

On March 13, 2001, this Court abated the appeal and remanded the cause "for a hearing to determine whether appellant had counsel, and whether he received effective assistance of counsel, during the 30 day period for filing a motion for new trial." *Jack v. State,* 42 S.W.3d 291, 294 (Tex.App.-Houston [1st Dist.] 2001, order). Pending the outcome of that hearing, we delayed ruling on appellant's request for a remand to enable him to file an out-of-time motion for new trial. *See id.*

On April 20, 2001, the trial judge held that hearing, finding as follows:

### I.

### FINDINGS OF FACT

. . .

2. Attorney Jeff Hale was appointed to represent the defendant.

3. Attorney Jeff Hale represented the defendant at his jury trial.

4. On July 6, 2000, the defendant was convicted. . . .

5. On July 6, 2000, a pro se Notice of Appeal was filed. The Notice of Appeal was completed by Mr. Hale

and signed by the defendant at Mr. Hale's instruction.

6. Mr. Hale did not discuss the merits and/or grounds for a Motion for New Trial with the defendant.

7. Mr. Hale told the defendant that he no longer represented the defendant and that appellate counsel would be appointed.

8. The court staff advised Mr. Hale that he no longer represented the defendant and that appellate counsel would be appointed.

9. Mr. Hale did not speak with or in any way counsel the defendant after July 6, 2000.

10. Mr. Hale believed his duties were completed with the end of the jury trial on July 6, 2000.

11. The defendant was not aware of the 30–day time limit for filing a motion for new trial.

12. The defendant relied on Mr. Hale's assurance that the court would appoint appellate counsel.

13. The defendant was not aware of his appellate rights and did not attempt to represent himself.

14. On September 13, 2000, appellate counsel, Mary Acosta, was appointed.

## II.

### CONCLUSIONS OF LAW

1. Defendant was abandoned by trial counsel Jeff Hale during the 30–day period for filing a motion for new trial.

2. Defendant was not effectively represented by Mr. Hale during the 30–day period for filing a motion for new trial.

3. Defendant in effect had no counsel during the 30–day period for filing a motion for new trial.

4. Defendant has rebutted the presumption that a motion for new trial was considered and rejected.

5. Defendant has rebutted the presumption that he was adequately counseled regarding his appellate rights.

6. Mr. Hale believed he was relieved of his duties of representing Mr. Jack as of July 6, 2000.

■■■ "When a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the appellant and rejected." *Smith v. State,* 17 S.W.3d 660, 662 (Tex.Crim.App.2000) (quoting *Oldham v. State,* 977 S.W.2d 354, 363 (Tex.Crim.App.1998)). The above findings defeat that presumption.

■■■ The 30–day period for filing a new trial motion is a critical stage of a criminal proceeding in which defendants are entitled to assistance of counsel. *Brink v. State,* Nos. 14–00–01439–CR, 14–00–01440–CR, slip op. at 11, 2001 WL 1575673 (Tex.App.-Houston [14th Dist.] Dec. 6, 2001, no pet. h.) (designated for publication); *Prudhomme v. State,* 28 S.W.3d 114, 118–19 (Tex.App.-Texarkana 2000, order), *disposition on merits,* 47 S.W.3d 683 (Tex.App.-Texarkana 2001, pet. ref'd); *Hanson v. State,* 11 S.W.3d 285, 288 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd); *Massingill v. State,* 8 S.W.3d 733, 736–38 (Tex.App.-Austin 1999, order), *disposition on merits,* 2000 WL 564168, Nos. 03–99–00301–CR, 03–99–00302–CR (Tex.App.-Austin, May 11, 2000, pet.ref'd) (not designated for publication); *Burnett v. State,* 959 S.W.2d 652, 656 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd); *Callis v. State,* 756 S.W.2d 826, 827 (Tex.App.-Houston [1st Dist.] 1988, no pet.), *overruled on other grounds, Oldham v. State,*

977 S.W.2d 354 (Tex.Crim.App.1998); *cf.* *Trevino v. State,* 565 S.W.2d 938, 940 (Tex. Crim.App.1978) ("Without doubt the hearing on a motion for new trial is a critical stage of the proceedings. It is the only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review."). When counsel abandons a defendant during that 30 day period, the defendant is denied his constitutional rights.

Both the United States Supreme Court and the Texas Court of Criminal Appeals have acknowledged that with some Sixth Amendment violations, "such as the actual or constructive denial of counsel altogether at a critical stage of the criminal proceeding, ... prejudice is presumed." *Batiste v. State,* 888 S.W.2d 9, 14 (Tex.Crim.App. 1994) (*citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *see also United States v. Cronic,* 466 U.S. 648, 658–59, 104 S.Ct. 2039, 2046–47, 80 L.Ed.2d 657 (1984); *Prudhomme,* 28 S.W.3d at 120.

■ However, even if prejudice is not presumed, the error here was not harmless. Appellate counsel's request for an out-of-time new trial motion alleged that, if she had been timely appointed, she would have filed a motion for new trial alleging ineffective assistance of trial counsel because trial counsel did not subpoena material witnesses. Such a motion would have entitled appellant to an evidentiary hearing. *See, e.g., Reyes v. State,* 849 S.W.2d 812, 816 (Tex.Crim.App.1993); *see also Jack,* 42 S.W.3d at 292.

■ The proper remedy is to abate the appeal and remand the cause to recommence the time period for filing a new trial motion. *See Prudhomme,* 28 S.W.3d at 121; *Massingill,* 8 S.W.3d at 738. We do so, without disturbing the trial-court judgment and without relying on Tex.R.App. P.

2. On remand, the appellate timetables are to begin anew, starting from the date this order issues. *Prudhomme,* 28 S.W.3d at 121; Tex.R.App. P. 43.6. If the trial judge grants the new trial motion, the appellate record shall be supplemented with that order, and appellant's appeal will be dismissed. If the trial judge overrules the new trial motion, the record shall be supplemented with that order and the record of any hearing held on such motion, and the parties will be permitted to brief any issues related to the overruled motion. *See Prudhomme,* 28 S.W.3d at 121; *Massingill,* 8 S.W.3d at 738–39.

It is so **ORDERED.**

Justice COHEN, concurring.

Justice TAFT, dissenting.

Justice NUCHIA, joined by Justices TAFT and RADACK, dissenting from the denial of en banc consideration.

MURRY B. COHEN, Justice, concurring.

Why have courts of law at all? This case makes me wonder.

I thought this case was about the constitutional right to counsel. But the dissenting opinions mention rarely mention that. Instead, they lament at length that this Court is wasting judicial resources with "newly crafted" *Jack* remands in our attempt to protect the right to counsel during a critical stage of a criminal proceeding.

I say:

● Courts do not exist to conserve judicial resources. Courts exist to expend judicial resources, and they should cheerfully do so to protect constitutional rights, such as the right to counsel. If courts cannot do that, then

judicial resources are not worth conserving.

- No constitution says that courts should conserve judicial resources. Constitutions say the opposite. Constitutions create rights. The people count on us judges to enforce them. The Texas Legislature commands us to do so. We have sworn to do so. Nobody else can do so. In this case, we are doing so.

- The court's "newly crafted" *Jack* remands are not new and are not "crafted." *Jack,* a unanimous panel decision from this court, followed 23–year–old authority from Texas's highest criminal court, as well as decisions from five Texas courts of appeals, including this one. *See Jack v. State,* 42 S.W.3d 291, 292 (Tex.App.-Houston [1st Dist.] 2001, order). These decisions recognized similar rights, and some granted similar or even greater relief than in *Jack.*

- No judicial resources were wasted in this case. The trial judge signed his findings 38 days after our abatement order issued. The record got here three weeks later. The abatement hearing covers only six pages of testimony and lasted only minutes. The defendant answered seven questions; trial counsel answered five. The trial judge commented that this was a "simple record" to make.

- Nobody should worry that judicial resources will be used up on *Jack* remands. So far, we have ordered five. And so far, we have been right in every case. (See below.)

- In every *Jack* hearing so far, the evidence has shown that the defendant was denied his constitutional right to counsel during that critical stage of proceedings. The remedy for that is for trial courts to appoint appellate counsel promptly upon receiving notice of appeal and for court-appointed trial counsel not to file a notice of appeal and then abandon their clients. These goals can be accomplished by adding one sentence to the standard notice of appeal: "Counsel moves to withdraw and moves the Court to appoint appellate counsel immediately." The remedy is not to conserve judicial resources by avoiding hearings on such claims.

- I ask: If we choose to conserve our judicial resources instead of using them to protect the United States and Texas constitutional and statutory right to counsel, then what better use, exactly, are we conserving them for?

TIM TAFT, Justice, dissenting to the new abatement procedure to afford a defendant an opportunity to develop a record to rebut the presumption of representation by counsel.

I have no disagreement that the majority opinion reaches a just result, particularly when trial counsel and court personnel were apparently ignorant of the law requiring trial counsel to continue representing an accused until formally relieved. Nevertheless, I disagree that this Court has the authority to create a new abatement mechanism, even to achieve a just result.

Appellant, Jonathan Derrick Jack, was represented by appointed counsel, Jeff Hale, in the trial court. A jury convicted appellant of delivery of a controlled substance and, finding two enhancement paragraphs to be true, assessed punishment at confinement for 10 years and a $2000 fine. Trial counsel filed a timely, written notice of appeal on the date of sentencing, July 6, 2000.[1] Trial counsel did not file a motion

---

1. The trial court's finding of fact that appellant filed a *pro se* Notice of Appeal on July 6,

to withdraw, and no motion for new trial or *pro se* motion was filed.

The final docket sheet entry for the sentencing date reads, "Attorney on appeal to be appointed." The letter from the district clerk's office assigning the appeal to this Court includes the notation that the appellate counsel was "to be determined." Appellate counsel was appointed on September 13, 2000.

On October 26, 2000, appointed appellate counsel filed in this Court Appellant's Motion to Abate and Motion for Leave to File Out of Time Motion for New Trial. The motion stated:

> If counsel had been appointed in a timely manner counsel would have filed a motion for new trial alleging ineffective assistance of counsel based on the fact that trial counsel neglected to subpoena material witnesses. (See attached Exhibit B)

> Trial counsel neglected to discuss with Appellant his appellate rights except for the filing of the notice of appeal, which was filed immediately after sentencing. Trial counsel never discussed with Appellant his right to file a motion for new trial or the merits of any motion for new trial. Thus Appellant was not afforded effective counsel during the crucial time frame for filing a motion for new trial.

The "Exhibit B" attached to the motion is appellant's affidavit. Excluding the formalities, it reads as follows:

> My name is Jonathan Derrick Jack. I went to trial on a delivery of a controlled substance case on July 5, 2000. My trial attorney was Jeff Hale. I was found guilty on July 6, 2000 an[d] was sentenced to 10 years in the Texas Department of Corrections. While waiting to

be sentenced my attorney asked me if I wanted to appeal my conviction. I told him I would like him to appeal my conviction. My attorney Mr. Hale told me after I was sentenced that he would do my paper work for a notice of appeal, an[d] that the court would appoint me an attorney to represent me on appeal.

> My attorney Mr. Hale never explained to me my right to file a motion for a new trial. He never explained to me the time frame for filing a motion for a new trial. If I had known about a motion for a new trial an[d] the time frame I had to work in I would have done something about it myself. All I was told by my attorney Mr. Hale was to sign this piece of paper and the court would appoint me an attorney, he never explained to me about the appeal process at all or my appellate rights.

Contrary to the assertions in appellate counsel's motion, there is nothing in appellant's affidavit alleging that trial counsel was ineffective for neglecting to subpoena material witnesses. Nor does the affidavit state that trial counsel abandoned appellant on the date of sentencing. The affidavit includes the contradictory statements that trial counsel did not explain to appellant his appellate rights, but that trial counsel asked appellant if he wanted to appeal his conviction. Finally, and most importantly, the affidavit is self-serving and not part of the record before this Court.

The motion requested an abatement of the appeal, a remand to the trial court to allow appellant to file an out-of-time motion for new trial, and new appellate timetables. Instead, on March 13, 2001, a panel of this Court abated the appeal and remanded the case to the trial court for a

2000, is contrary to the record, which contains the Notice of Appeal indicating appellant was represented by attorney Jeff Hale,

and contrary to the trial court's own finding that Mr. Hale completed the notice of Appeal and instructed appellant to sign it.

hearing *to determine if appellant could rebut the presumption that he was effectively represented by counsel during the 30 days following sentencing. Jack v. State,* 42 S.W.3d 291, 294 (Tex.App.-Houston [1st Dist.] 2001, order). We should not have done this.

The March 13th order did not grant the relief requested in appellant's motion, nor did it fashion a remedy suggested by either party. In addition, the order set an ill-advised judicial precedent by adding a new, time-consuming step to the appellate process without citing any supporting authority on point.

The order quoted from *Oldham v. State,* 977 S.W.2d 354, 360 (Tex.Crim.App.1998):

> *Our holding on this issue is strictly limited to the use of Rule 2(b). We should not be understood as restricting court of appeals' power to abate an appeal and remand a case under authority other than Rule 2(b).* When judicial resources can be conserved in the interest of justice, *we encourage the courts of appeals to adopt and continue to use methods for resolving issues sooner rather than later, as long as such methods are legally endorsed.*

(Emphasis as supplied by the March 13th order.)[2] In *Oldham,* the Court of Criminal Appeals relied on the record before it in determining that the presumptions that the appellant was represented by counsel, and that counsel acted effectively during the time for filing a motion for new trial, had not been rebutted. *Id.* at 362–63.

It is now clear that the double abatement procedure established in our order does not conserve judicial resources. Trial courts now have to conduct hearings—not on motions for new trial—but on whether the appellant was effectively represented by counsel during the 30 days after sentencing. After the preparation and filing of that record in this Court, we evaluate it to determine whether, under the authority of *Oldham* and *Smith v. State,*[3] the appellant has managed at the hearing to rebut the presumption of effective assistance. If he has, the appeal is abated a second time to allow for the filing of an out-of-time motion for new trial and the beginning anew of the appellate timetables. Isn't this the opposite of conservation of judicial resources?

The order also cited our opinion in *Burnett v. State,* 959 S.W.2d 652, 658 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd), for the proposition that notice of appeal filed by trial counsel on the date of sentencing, together with record notations that appellate counsel was "to be determined," demonstrated that trial counsel was no longer representing appellant. *Burnett* issued before the Court of Criminal Appeals's opinions in *Oldham* and *Smith* and before the 1997 revision of the Rules of Appellate Procedure, adding new Rule 6.1 entitled "Lead Counsel." The new rule provides that lead counsel for an appellant is the attorney whose signature first appears on the notice of appeal, unless another attorney is designated. Tex. R.App. P. 6.1(a). Therefore, the viability of

---

**2.** Note that the March 13th order did not emphasize what appears to be a condition for the courts of appeals' use of its authority to abate, namely, *"[w]hen judicial resources can be conserved in the interest of justice, . . . ."* While the concurring opinion places little value on the conservation of judicial resources, at least in comparison to the importance of remedying the denial of constitutionally guar-

anteed counsel, the Court of Criminal Appeals in *Oldham* was content to allow the normal course of post-conviction appeals to provide that remedy rather than allow extraordinary abatement procedures. *See Oldham,* 977 S.W.2d at 360.

**3.** 17 S.W.3d 660, 662–63 (Tex.Crim.App. 2000).

our conclusion in *Burnett* that trial counsel was no longer representing appellant is highly questionable.

The order also relied on *McIntire v. State*, 698 S.W.2d 652 (Tex.Crim.App.1985) (opin. on reh'g). In that case, the trial court did not conduct a hearing on a timely-filed motion for new trial supported by jurors' affidavits that were sufficient to put the trial court on notice that reasonable grounds existed to believe juror misconduct had occurred. *Id.* at 660. The Court of Criminal Appeals first remanded the case to the trial court for a hearing on the motion for new trial. *Id.* at 661. Then, on motion for rehearing and petition for discretionary review, the court remanded the case to the trial court for "a preliminary hearing to determine the feasibility, at this late date [over three years after a hearing on the motion for new trial was denied] of holding a hearing ... in support of [the appellant's] motion for new trial." *Id.* at 662. The court also ordered that, if the trial court found a hearing on the motion for new trial was still feasible, the trial court would conduct that hearing. *Id.* If the appellant sustained his burden of showing the infeasibility of a hearing on his motion for new trial, then the trial court was ordered to grant a new trial. *Id.* The preliminary abatement on feasibility was based on the unusual facts of that case; that is, more than three years had passed since a hearing on the motion for new trial had been denied. It did not establish a new procedure that would potentially apply to numerous appeals, as would the proposed order in this case.

This Court's published order in *Crosson v. State*, 36 S.W.3d 642 (Tex.App.-Houston [1st Dist.] 2000, order), disposition on merits, 2001 WL 996073, No. 01–98–00297–CR (Tex.App.-Houston [1st Dist.] Aug. 30, 2001, pet. filed) (not designated for publication), was also cited. We ordered a new suppression hearing in that case based on the trial court's erroneous exclusion of testimony at the first hearing. *Id.* at 647–48. This was a remedy less severe than requested by Crosson. *Id.* at 647. This remedy constituted an economy of judicial resources, as in a long line of cases remanded for hearings that had been improperly denied or improperly conducted. Here, no hearing was denied or improperly conducted.

The order also relied on rule 44.4 of the Texas Rules of Appellate Procedure. That rule provides as follows:

(a) *Generally.* A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:

(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

(2) the trial court can correct its action or failure to act.

(b) *Court of Appeals Direction if Error Remediable.* If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error. The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

TEX.R.APP. P. 44.4. This rule applies only if the trial court has erred or failed or refused to act. The record in this case does not indicate that any such thing occurred. The mere fact that the trial court appointed appellate counsel 69 days after sentencing does not amount to error, failure to act, or refusal to act because the trial court was entitled to rely on the law mandating that appointed trial counsel continue to represent appellant until appellate counsel was appointed on September 13, 2000. Effective September 1, 1987, Article 26.04(a) of the Code of Criminal Procedure provided as follows:

Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. *An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.*

Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 2, 1987 Tex. Gen. Laws 3321, 3322 (emphasized language reenacted as TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (Vernon Supp.2002)). Therefore, appellant's appointed trial counsel was replaced by other counsel on September 13, 2000. *See also Ward v. State,* 740 S.W.2d 794, 798 (Tex.Crim.App.1987) ("[A]ppointed counsel remains as defendant's counsel for all purposes until he is expressly permitted to withdraw, even if the appointment was for the trial only.")

Finally, the order cited rule 43.6 of the Rules of Appellate Procedure, which reads, "The court of appeals may make any other appropriate order that the law and the nature of the case require." TEX.R.APP. P. 43.6. For many reasons, the order was not appropriate.

### Contrary to this Court's Precedent

Not only had this Court not ordered double abatement hearings when motions for out-of-time motions for new trial were filed, but, since the issuance of *Oldham,* we had routinely denied these motions. In *Pettway v. State,* 4 S.W.3d 390, 391 (Tex. App.-Houston [1st Dist.] 1999, order), disposition on merits, 2000 WL 210579, No. 01–99–00500–CR (Tex.App.-Houston [1st Dist.] Feb. 24, 2000, pet. ref'd) (not desig-

nated for publication), the appellant filed a motion to abate appeal and remand for a hearing on whether trial counsel was ineffective. We held the motion was the equivalent of a motion for out-of-time motion for new trial and denied it with the following language:

The appellant's request is the equivalent of a motion for out-of-time motion for new trial. One factor to be considered in determining whether to allow an out-of-time motion for new trial is whether the issue sought to be resolved can serve as the basis for post-conviction habeas corpus relief. *Bowler v. State,* 822 S.W.2d 334, 335 (Tex.App.-San Antonio 1992, pet. ref'd). The appellant may raise the issue of ineffective assistance of counsel in a post-conviction habeas corpus; therefore, he has not shown good cause for this Court to suspend the Rules of Appellate Procedure and allow him to file an out-of-time motion for new trial in the form of an evidentiary hearing. *Id.* at 335; *see also Torres v. State,* 804 S.W.2d 918, 920 (Tex.App.-El Paso 1990, pet. ref'd) (denying appellant's request for abatement to hold hearing on question of effectiveness of counsel's assistance and stating, "... we are not disposed to encourage a practice of disrupting the orderly and prompt flow of direct appeals by what could well become a routine defense practice of seeking such abatement for random trolling of the record for signs of ineffective assistance.").

*Id.*

In *Cantu v. State,* 988 S.W.2d 481, 483–84 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd), the appellant asserted in his brief that he was deprived of counsel following sentencing and was, therefore, unable to file a motion for new trial because appellate counsel was not appointed until more than 30 days after sentencing. We noted

that there was no evidence in the record that appointed trial counsel withdrew. *Id.* We also followed *Oldham* and presumed that trial counsel acted effectively at all times and adequately counseled appellant. *Id.* We held that appellant had not shown he was not represented during the 30 days after sentencing. *Id.*

On remand from the Court of Criminal Appeals for reconsideration in light of *Oldham*, we held in *Boyette v. State*, 988 S.W.2d 479, 480–81 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (op. on remand), that appellant did not overcome the presumption that he was effectively represented by counsel during the time for filing a motion for new trial. A panel of this Court had originally abated the appeal and ordered that the appellate timetables begin anew. *Id.* at 480.

## Determination Should be Controlled by *Oldham* and *Smith*

Our decision on appellant's motion should have been controlled by the Court of Criminal Appeals's decisions in *Oldham* and *Smith*. In both cases, the court held that the presumption that the defendant was represented by counsel during the time for filing a motion for new trial, and that counsel acted effectively, had not been rebutted.

A review of the facts of the two cases is instructive. In *Smith*, a *pro se* notice of appeal was filed 14 days after sentencing; Smith was brought to court without counsel and signed a pauper's oath 21 days after sentencing; and the trial court's order appointing counsel was filed after expiration of the time for filing a motion for new trial. *See Smith v. State*, 990 S.W.2d 893, 895 (Tex.App.-Houston [1st Dist.]

1999),[4] *rev'd*, 17 S.W.3d 660 (Tex.Crim. App.2000).

In *Oldham*, a *pro se* notice of appeal was filed the twenty-eighth day after sentencing; a letter of assignment was sent to the appellate court the next day, with the notation that counsel was "to be determined"; and appellate counsel was appointed 62 days after sentencing. *Oldham*, 977 S.W.2d at 362–63.

In the instant case, the notice of appeal was signed and filed by trial counsel on the date of sentencing. The docket sheet reads, "Attorney on appeal to be appointed," and the letter of assignment includes the notation that appellate counsel was "to be determined." Trial counsel did not file a motion to. withdraw. Appellant filed no *pro se* motions. Appellate counsel was appointed, as predicted in the docket sheet and letter of assignment, 69 days after sentencing. In my opinion, these facts more strongly support the presumption that trial counsel remained on the case and effectively represented appellant during the 30 days following sentencing than the facts in *Oldham* and *Smith*.

## Conclusion and Recommendation

There is no question that, when a hearing or findings that are required by law are not part of the appellate record, an appeal may be abated so that such hearing may be conducted or such findings may be made. The findings of fact and conclusions of law required by article 38.22 of the Texas Code of Criminal Procedure constitute an example. *See Jordan v. State*, 939 S.W.2d 222, 223 (Tex.App.-Houston [1st Dist.] 1997, no pet.); Tex.Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 1979). Anoth-

---

**4.** Our opinion in *Smith* did not abate on the basis of rule 2 of the Rules of Appellate Procedure because the Court of Criminal Appeals had disapproved the use of the rule to grant

an opportunity to file an out-of-time motion for new trial in *Oldham*. Our abatement in *Smith* was based on the constitutional right to counsel. *Smith*, 990 S.W.2d at 895–96.

er example is abatement for a hearing on a *timely-filed* motion for new trial when the trial court erroneously denies a hearing. *See Torres v. State,* 4 S.W.3d 295, 296–98 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

However, the only authority for abating an appeal to afford an appellant an opportunity to make a record to rebut the presumption of effective assistance of counsel has arisen *sua sponte* from this court. What is to prevent every indigent appellant in whose case a motion for new trial was not filed from claiming that he is entitled to a hearing to determine whether he was denied effective assistance of counsel during the 30 days following sentencing? The answer, of course, is absolutely nothing. And it follows that—unless the record clearly rebuts the presumption by, for example, showing that trial counsel was allowed to withdraw—all such motions will have to be granted.

In this case, trial counsel's signature on the notice of appeal made him lead appellate counsel, according to the Rules of Appellate Procedure. *See* Tex.R.App. P. 6.1(a). He remained on the case until he was replaced by the appointment of other counsel because that is when he was relieved of his duties. *See* Tex.Code Crim. Proc. Ann. art. 26.04(j)(2). This Court should have denied appellant's motion to file an out-of-time motion for new trial on the basis of *Oldham* and *Smith* and held that appellant has not met his burden of showing that he was denied the effective assistance of counsel during the 30 days following sentencing. The direct appeal could then have been disposed of and appellant could have been on his way to a speedier resolution of his claims by post-conviction writ of habeas corpus.

To the new abatement procedure that provides a defendant an opportunity to develop a record to rebut the presumption of representation of counsel, I respectfully dissent.

SAM NUCHIA, Justice, dissenting from the denial of en banc consideration.

I called for en banc review of this case because I believe that it meets both criteria for en banc consideration. *See* Tex. R.App. P. 41.2(c) (en banc consideration is not favored and should not be ordered unless (1) necessary to secure or maintain uniformity of the court's decisions or (2) extraordinary circumstances require en banc consideration.)

I believe that when a panel of this Court creates, out of whole cloth, a totally new procedure for dealing with a matter, as the panel did here, it constitutes an extraordinary circumstance requiring the consideration and agreement of at least a majority of the judges of this Court. Furthermore, this double abatement procedure not only may require this Court to carry out two abatements and reviews, but it also may require two additional proceedings in the trial court. This significant commitment of judicial resources should not be made without the participation of the whole court.

As Justice Taft points out in his dissent, this double abatement procedure is also a departure from this Court's previous panel decisions. Our failure to address this lack of uniformity leaves two lines of cases dealing with this issue. One line of cases is represented by *Pettway v. State,* 4 S.W.3d 390 (Tex.App.-Houston [1st Dist.] 1999, order), *disposition on merits,* 2000 WL 210579, No. 01–99–00500–CR (Tex. App.-Houston [1st Dist.], Feb. 24, 2000, pet. ref'd) (not designated for publication), and *Cantu v. State,* 988 S.W.2d 481 (Tex. App.-Houston [1st Dist.] 1999, pet. ref'd). In *Pettway* and *Cantu,* we followed the procedure of the Court of Criminal Appeals as set out in *Oldham v. State,* 977

S.W.2d 354 (Tex.Crim.App.1998), and reviewed the record to see if appellant demonstrated that he was deprived of counsel and whether, as a result, he was denied an opportunity to file a motion for new trial. *See Pettway,* 4 S.W.3d at 391; *Cantu,* 988 S.W.2d at 483. Now comes *Jack v. State,* and, without consideration of what previous panels had done, this panel decided to create a new procedure for handling the same issue dealt with in *Pettway* and *Cantu.* It seems that another panel of this court could still decide to follow *Pettway* and *Cantu.*

The panel has followed a natural inclination to try to speed the process and effectively review these complaints as soon as possible, but in doing so has contorted language from *Oldham* so that it appears to sanction a procedure that does the same thing as the one prohibited by the *Oldham* court. I believe the panel failed to show appropriate judicial restraint in its effort to conform the direct appeal process to its ideal. The Court of Criminal Appeals and other panels of this Court have consistently limited their consideration of this issue to a review of the record before them. This panel has chosen to do what the Court of Criminal Appeals refused to do in *Oldham* and continued to refuse to do in

*Smith v. State,* 17 S.W.3d 660 (Tex.Crim. App.2000) (reversing this Court's opinion at 990 S.W.2d 893 (Tex.App.-Houston [1st Dist.] 1999)): that is, create a procedure that allows an appellant, during the direct appeal process, to go back to the trial court to make a new record on whether he received effective assistance of counsel during the 30–day period for filing a motion for new trial.

The panel has established a procedure that is wasteful of judicial resources. The procedure also appears to supplant the post-conviction habeas corpus process in these situations. I suspect this new procedure will encourage a practice of disrupting the orderly and prompt flow of direct appeals by what could well become a routine defense practice of seeking abatements when no motion for new trial was filed.

Accordingly, I respectfully dissent from the denial of en banc consideration.