Opinion issued March 17, 2005






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00093-CR




PHILLIP LEON FREEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 812911




MEMORANDUM OPINIONPhillip Leon Freeman pleaded no contest to murder without an agreed
recommendation from the State. The trial court sentenced him to 50 years’
confinement. In two issues, Freeman asserts that he received ineffective assistance
of counsel during the 30-day period after sentencing, thus depriving him of the
opportunity to file a motion for new trial. We abated this appeal, allowing Freeman’s
counsel an opportunity to file a motion for new trial. Freeman’s counsel filed a
motion for new trial, and it was overruled by operation of law. Accordingly,
Freeman’s issues on appeal are moot. We therefore affirm. 
Procedural History
          In May 2001, we abated this appeal and remanded the case to the trial court for
a hearing to determine whether Freeman had overcome the presumption that he had
effective assistance of counsel during the 30 days in which to file a motion for new
trial. See Jack v. State, 42 S.W.3d 291, 294 (Tex. App.—Houston [1st Dist.] 2001,
order) (Jack I). In July 2001, after a hearing, the trial court found that Freeman was
without effective assistance of counsel during the 30-day period after sentencing:
Based on the evidence, the evidence introduced herein, the Court finds
that Mr. Freeman did, in fact, file a timely pro se notice of appeal on
December 22, 1999, after being sentenced on December 9th of 1999. 
The Court further finds there was an explanation by trial counsel of Mr.
Freeman’s right to appeal.
 
The Court further finds that during the 30-day period after December 9th
of 1999, that Mr. Freeman was without effective assistance of counsel
for the purpose of counseling, counseling him regarding a motion for
new trial as well as for the purpose of assisting him in the preparation
for a motion for new trial.
 
The Court, therefore concludes that since Mr. Freeman was, in fact,
without effective assistance of counsel during the 30-day period
considered to be critical for the filing of a motion for new trial, this
Court recommends to the appellate court that Mr. Freeman be given an
opportunity to, in fact, file an out-of-time motion for new trial.

          In May 2002, based on the trial court’s findings, we abated the appeal and
remanded the case to the trial court to recommence the time for filing a motion for
new trial. See Jack v. State, 64 S.W.3d 694, 697 (Tex. App.—Houston [1st Dist.]
2001, order) (Jack II), pet. dism’d, 149 S.W.3d 119 (Tex. Crim. App. 2004). 
Freeman’s counsel filed a timely motion for new trial in the trial court on June 4,
2002. The State filed a petition for discretionary review. The case remained pending
in the Court of Criminal Appeals until May 2004, when that court dismissed the
State’s petition. The Court of Criminal Appeals returned the appellate record to this
court in June 2004.
          In August 2004, we abated the appeal and remanded the case to the trial court
to consider Freeman’s motion for new trial. We advised Freeman that he must obtain
a ruling on his motion for new trial within 75 days of the order date, or the trial court
would overrule it by operation of law. See Tex. R. App. P. 21.8. A supplemental
clerk’s record, filed in this court in December 2004, includes a docket sheet entry
stating that, after receipt of our August 2004 order, the trial court advised Freeman’s
counsel, Chip Lewis, “to request a hearing date on the motion for new trial if one was
needed. A hearing date was never requested so motion for new trial overruled by
operation of law.”



          In December 2004, we reinstated the appeal. We advised Freeman’s counsel
that, if he wished to file an amended brief, he must do so no later than January 15,
2005; otherwise, we would set the appeal for submission on the original briefs. See
Tex. R. App. P. 39.9. Freeman’s counsel did not file an amended brief; thus, we
consider the original appellate briefs. 
Ineffective Assistance of Counsel
          In two issues, Freeman asserts that he received ineffective assistance of counsel
during the 30-day period after sentencing, thus depriving him the opportunity to file
a motion for new trial. We abated this appeal, allowing Freeman’s counsel an
opportunity to file a motion for new trial. Freeman’s counsel filed a motion for new
trial, and it was overruled by operation of law. Accordingly, Freeman’s issues on
appeal are moot.
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).