NO. 07-06-0345-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 23, 2006


 ______________________________



JEFFREY D. CALVERT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;



NO. 2575; HONORABLE RON ENNS, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 

MEMORANDUM OPINION


 Appellant, Jeffery D. Calvert, attempts to appeal from the denial of a Motion for
Nunc Pro Tunc. We dismiss for want of jurisdiction. 

 Appellant was convicted of Aggravated Sexual Assault on October 10, 1994, and
assessed court costs as part of sentencing. On November 3, 2005, the trial court issued
an Inmate Trust Account Order to the Texas Department of Criminal Justice ordering that
the assessed court costs be paid from appellant's inmate trust account. In May of 2006,
appellant filed a Motion for Correction of the Record Nunc Pro Tunc contending that the
trial court erred in deducting the court costs from his inmate trust account. On July 26,
2006, the trial court wrote a letter declining appellant's request to correct the record. 
Subsequently, appellant appealed the trial court's denial of his motion for nunc pro tunc.

 The denial of a motion nunc pro tunc is not an appealable order. See Allen v. State,
20 S.W.3d 164, 165 (Tex.App.-Texarkana 2000, no pet.); See also State v. Ross, 953
S.W.2d 748, 755 (Tex.Crim.App. 1997). Therefore, we must dismiss this appeal for want
of jurisdiction. 


 Mackey K. Hancock

 Justice


 


Do not publish. 



-of-time motion for new trial because he was denied effective assistance of counsel during
the period for filing a motion for new trial. Based upon the rationale expressed herein, we
affirm.

 Although appellant was convicted of four separate offenses, his issues all arise from
the facts of the offense charged in cause number 817,718 as reflected by the presentence
report. (3) On May 27, 1999, appellant, then 16 years old, approached complainant in a mall
parking lot and demanded her purse. While asking appellant why he was "doing this," she
observed a knife. Appellant told complainant he wanted to buy CDs. To distract appellant,
the complainant introduced herself, flattered and flirted with him, and offered to take him
inside the mall and buy the CDs for him. Appellant then dropped the knife and went with
the complainant inside a department store. Complainant, an employee of the store, 
convinced appellant to wait in the shoe department while she clocked in for work. Instead,
she contacted the store's loss prevention personnel, who called mall security. 

 Appellant's first three issues involve related arguments; thus, we will consider them
together. Restated, he first asserts that it was error to find him guilty of aggravated
robbery in cause number 817,718 because the presentence report reflected that he was
only guilty of the lesser offense because the State did not prove complainant was in fear
of imminent bodily injury or death. Then, by his second and third issues, he claims trial
counsel was ineffective for failing to withdraw his guilty plea in cause number 817,718
resulting in all four guilty pleas being involuntary because counsel failed to explain that he
could not have been found guilty of aggravated robbery under the facts presented. We
disagree. 

 A robbery becomes an aggravated robbery if the actor "uses or exhibits a deadly
weapon." Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 1994). A deadly weapon is anything
that in the manner of its use or intended use is capable of causing death or serious bodily
injury. § 1.07(a)(17)(B). The indictment in cause number 817,718 recites that appellant
did 

 intentionally and knowingly threaten and place [complainant] in fear of
imminent bodily injury and death, and the Defendant did then and there use
and exhibit a deadly weapon, to wit: a knife. 

(Emphasis added). In McCain v. State, 22 S.W.3d 497, 503 (Tex.Cr.App. 2000), the Court
concluded that a butcher knife partially exposed to complainant was "used" in facilitating
the underlying crime and thus legally sufficient to support a conviction for aggravated
robbery. According to the presentence report, complainant observed a knife as appellant
demanded her purse. The plea proceeding also indicates that appellant knowingly plead
guilty to using a knife at the time of the robbery. Thus, the trial court did not err in finding
appellant guilty of aggravated robbery.

 Appellant's complaint that trial counsel was ineffective for failing to move that his
guilty plea to aggravated robbery be withdrawn is also without merit. To establish a claim
of ineffective assistance, a defendant must establish that (1) counsel's performance was
deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a
reasonable probability that but for counsel's deficient performance, the result of the
proceeding would have been different, a reasonable probability being a probability
sufficient to undermine confidence in the outcome. Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To sustain a challenge of ineffective
assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228
(Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's
conduct might be considered sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771
(Tex.Cr.App. 1994).

 Once appellant was admonished regarding his guilty pleas and evidence was
presented, the trial court ordered preparation of a presentence investigation report (PSI)
to consider in assessing punishment. See Tex. Code Crim. Proc. Ann. arts. 37.07, § 3(d)
& 42.12, § 9(a) (Vernon Supp. 2003). Once a case is taken under advisement for a PSI,
the decision to allow withdrawal of a plea is discretionary with the court. Coronado v.
State, 996 S.W.2d 283, 285 (Tex.App.-Waco 1999, no pet.). Appellant asserts that the
PSI demonstrated he was only guilty of the lesser offense of robbery. However,
complainant's statement that she observed a knife during the robbery supports that
appellant was guilty of aggravated robbery. Thus, because the record supports a
conviction for aggravated robbery and appellant has not shown that the trial court would
have permitted him to withdraw his guilty plea, his ineffective claim fails.

 Appellant also contends that counsel's failure to explain that he could not be guilty
of aggravated robbery rendered all his pleas involuntary. We disagree. A trial court
cannot accept a guilty plea unless it determines that it is freely and voluntarily given. Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989); Burke v. State 80 S.W.3d 82, 93
(Tex.App.-Fort Worth 2002, no pet.). Proper admonishment of a defendant pursuant to
article 26.13 of the Texas Code of Criminal Procedure (Vernon Supp. 2003), constitutes
prima facie evidence that the plea was knowing and voluntary. See Martinez v. State, 981
S.W.2d 195, 197 (Tex.Cr.App. 1998) (en banc). After being properly admonished, the
burden shifts to the defendant to show that he did not fully understand the consequences
of his plea and that he suffered harm. Id. 

 During the plea proceeding appellant was properly admonished regarding all four
charged offenses and plead guilty to each. The court then went further and asked
appellant to explain in his own words what had happened and he responded:

 Beforehand I'm saying I'm guilty of the allegations and I'm waiving a right to
a jury trial and I'm fixing to go to a presentence investigation and I'm going
to put it in your hands or the jury's hands for disposition.


Appellant also responded affirmatively when the court inquired if he'd had sufficient time
to consult with his lawyer prior to making his decision. Because nothing in the record
indicates that his pleas were involuntary appellant has failed to defeat the prima facie
showing of voluntariness. Issues one, two, and three are overruled.

 By his fourth issue, appellant requests that we abate the appeal and remand the
cause to allow him to file an out-of-time motion for new trial to assert that he was denied
effective assistance of counsel during the period for filing such a motion. We disagree. 
We recognize that the 30-day period for filing a motion for new trial is a critical stage of a
criminal proceeding in which defendants are entitled to assistance of counsel. Jack v.
State, 64 S.W.3d 694, 696 (Tex.App.-Houston [1st Dist.] 2002, pet. granted). In Jack, the
appeal was abated because appellate counsel was not appointed until after the expiration
of the 30-day deadline in which to file a motion leaving the defendant without the benefit
of counsel during a critical stage of the proceeding. Id. at 697. Here, however, appellant
admits in his brief that his trial counsel "remained on the case for four months after
sentencing."

 A factor to consider in determining whether to allow an out-of-time motion for new
trial is whether the issue complained of can serve as the basis for a post-conviction writ
of habeas corpus. Pettway v. State, 4 S.W.3d 390, 391 (Tex.App.-Houston [1st Dist.]
1999, pet. ref'd). Ineffective assistance of counsel may be raised in a post-conviction
habeas proceeding. Id. Thus, we decline to suspend the operation of the Texas Rules of
Appellate Procedure and abate the appeal and remand the cause to permit an out-of-time
motion for new trial. Issue four is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.4.
3. The presentence report also reflected that appellant suffers from attention deficit disorder and
several conduct disorders. Although raised in a stable family environment, he has had behavioral problems
since preschool and has been in trouble with the law since 1994. After being certified as an adult he entered
guilty pleas and was convicted of all four charged offenses.