**Motion for En Banc Reconsideration Denied and Dissenting Opinions on Order filed September 14, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-01066-CR
### NO. 14-18-01067-CR

### ELONDA CALHOUN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1545108 & 1545140**

## DISSENTING OPINION FROM ORDER
## DENYING EN BANC RECONSIDERATION

Here we go again with a minority of the court's justices claiming it has authority to take affirmative action. *See Harris Cnty. v. Coats*, 607 S.W.3d 359, 396–97 (Tex. App.—Houston 2020, no pet.) (Spain, J., dissenting). The en banc court's order purports to rule that the motion for en banc reconsideration is "denied" on a 4–4 vote, and cites the supreme court's recitation in *Pinto*

*Technology Ventures, L.P. v. Sheldon* that the "evenly divided en banc panel denied reconsideration" as if that were a holding of the supreme court that binds this court. 526 S.W.3d 428, 436 (Tex. 2017).[1]

I still do not understand why the court insists on misstating the need for a majority under Rule 49.7 and mischaracterizing the vote. The court could reach the same result legitimately, i.e., the motion for en banc reconsideration failed for want of a majority. Such decisions raise the possibility of a failure of appellate process, i.e., collegial decision making.[2]

---

[1] If the supreme court were to repeat in its opinion a questionable pronouncement from a lower court that "the Gulf of Mexico is full of pink lemonade," I trust no one would consider that recitation a holding by the supreme court that such an odd statement is, in fact, true. *See generally In re D.T.*, 625 S.W.3d 62, 73 n.6 (Tex. 2021) (discussing difference between holdings and dicta); *see also In re Kholaif*, 624 S.W.3d 228, 230–31 (Tex. App.—Houston [14th Dist.] Nov. 25, 2020, no pet.) (distinguishing "precedent [from] a mere statement of the action taken by the court") (citing *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399–400 (1821) (Marshall, C.J.) ("It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision.")).

[2] As Judge Edwards of the United States District Court for the D.C. Circuit has explained in his writings on judicial collegiality:

> When I speak of a collegial court, I do not mean that all judges are friends. And I do not mean that the members of the court never disagree on substantive issues. That would not be collegiality, but homogeneity or conformity, which would make for a decidedly unhealthy judiciary. Instead, what I mean is that judges have a common interest, as members of the judiciary, in getting the law right, and that, as a result, we are willing to listen, persuade, and be persuaded, all in an atmosphere of civility and respect. Collegiality is a process that helps to create the conditions for principled agreement, by allowing all points of view to be aired and considered. Specifically, it is my contention that collegiality plays an important part in mitigating the role of partisan politics and personal ideology by allowing judges of differing perspectives and philosophies to communicate with, listen to, and ultimately influence one another in constructive and law-abiding ways.

> What is at issue in the ongoing collegiality-ideology debate is not whether judges have well-defined political beliefs or other strongly held views about particular legal subjects; surely they do, and this, in and of itself, is not a bad

Regardless of the characterization of the vote, the en banc court will not decide this case. But not following the law on a simple matter leads to more difficult things. What happens if—due to absences or vacancies—only seven members of the en banc court participate in a vote on a matter not governed by Texas Rule of Appellate Procedure 41.2 and four members vote to take affirmative action? The Code Construction Act applies—not *Robert's Rules of Order*—and requires that "grant of authority" to be conferred "on a majority of the number of members fixed by statute," which for the Fourteenth Court of Appeals District is a chief justice and eight justices. Tex. Gov't Code Ann. §§ 22.216(n), 311.013(a). Or do we simply not follow the law and pretend that four is a majority of nine when only seven participate?

The rule of law, including procedural due process, will not save you from chaos if you only choose to follow due process when it is convenient to do so. I understand that following "the rules" can at times be very inconvenient and inefficient. But as Justice Cohen stated so well, "Courts do not exist to conserve judicial resources. Courts exist to expend judicial resources, and they should cheerfully do so to protect constitutional rights . . . . If courts cannot do that, then judicial resources are not worth conserving." *Jack v. State*, 64 S.W.3d 694, 697–98 (Tex. App.—Houston [1st Dist.] 2002) (Cohen, J., concurring), *pet. dism'd per curiam*, 149 S.W.3d 119, 125 (Tex. Crim. App. 2004).

---

thing. Instead, the real issue is the degree to which those views ordain the outcomes of the cases that come before the appellate courts. Collegiality helps ensure that results are not preordained. The more collegial the court, the more likely it is that the cases that come before it will be determined solely on their legal merits.

Harry T. Edwards, *The Effects of Collegiality on Judicial Decision Making*, 151 U. Pa. L. Rev. 1639, 1644–45 (2003) (footnotes omitted).

I dissent.


/s/    Charles A. Spain
       Justice


En banc court consists of Chief Justice Christopher and Justices Wise, Jewell, Zimmerer, Spain, Hassan, Poissant, and Wilson. (Justice Bourliot not participating).

Justices Zimmerer, Spain, Hassan, and Poissant voted to grant en banc reconsideration.

Justice Zimmerer filed a dissenting opinion.

Justice Spain filed a dissenting opinion, in which Justice Zimmerer joined.

Publish—Tex. R. App. P. 47.2(b).