Marvin Taylor **PETTWAY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–99–00500–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 7, 1999.

---

Steven Abramowitz, Houston, for Appellant.

Calvin Hartmann, John B. Holmes, Houston, for State.

## O R D E R

PER CURIAM.

The appellant filed a motion to abate appeal and remand for a hearing on whether the appellant's trial counsel was ineffective during the guilt-innocence phase. The appellant contends his trial counsel was ineffective because he introduced evidence of the appellant's 1975 convictions. The appellant also filed a motion to extend time in which to file his appellate brief.

The appellant filed a pro se notice of appeal one day after judgment was imposed. Appellant is not indigent. He has been represented by retained counsel both in the trial court and on appeal, and the record does not contain a pauper's oath. There is no indication in the record that appellant was without counsel during the 30 days for filing a motion for new trial after sentencing. *See* Tex.R.App. P. 21.4(a). In addition, the record does not contain a motion to withdraw from appellant's trial counsel. The appellant did not file a motion for new trial. Both the transcript and statement of facts have been filed.

Texas Rule of Appellate Procedure 2 authorizes an appellate court, on a party's motion or on its own initiative, and in order to expedite a decision or for other good cause to "suspend a rule's operation in a particular case and order a different procedure; but a court must not construe this rule to suspend any provision of the Code of Criminal Procedure...." Tex. R.App. P. 2. A court of appeals may not use Rule 2 to suspend or enlarge appellate limits that regulate the orderly and timely process of moving a case from trial to finality of conviction. *Oldham v. State*, 977 S.W.2d 354, 359 (Tex.Crim.App.1998).

The appellant's request is the equivalent of a motion for out-of-time motion for new trial. One factor to be considered in determining whether to allow an out-of-time motion for new trial is whether the issue sought to be resolved can serve as the basis for post-conviction habeas corpus relief. *Bowler v. State*, 822 S.W.2d 334, 335 (Tex.App.—San Antonio 1992, pet. ref'd). The appellant may raise the issue of ineffective assistance of counsel in a post-conviction habeas corpus; therefore, he has not shown good cause for this Court to suspend the Rules of Appellate Procedure and allow him to file an out-of-time motion for new trial in the form of an evidentiary hearing. *Id.* at 335; *see also Torres v. State*, 804 S.W.2d 918, 920 (Tex. App.—El Paso 1990, pet. ref'd) (denying appellant's request for abatement to hold hearing on question of effectiveness of counsel's assistance and stating, " ... we are not disposed to encourage a practice of disrupting the orderly and prompt flow of direct appeals by what could well become a routine defense practice of seeking such abatement for random trolling of the record for signs of ineffective assistance.").

The motion to abate appeal and remand for a hearing is **denied**.

The motion for extension of time to file appellant's brief is **granted**. Appellant's brief is due 30 days from the date of this order.

It is so **ORDERED**.