NO. 07-00-0494-CR
NO. 07-00-0495-CR
NO. 07-00-0496-CR
NO. 07-00-0497-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 31, 2003

_____

PRINCEWILL AZUBURIKE TATA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;

NOS. 817,718, 817,719, 817,720, & 839,680; HONORABLE DON STRICKLIN, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

**MEMORANDUM OPINION**[1]

Following four pleas of guilty without agreed recommendations on punishment on May 25, 2000, appellant was convicted of the charged offenses, and on August 18, 2000, was sentenced, as follows:

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.4.

| | |
|---|---|
| aggravated robbery, No. 817,718 | 25 years confinement |
| robbery, No. 817,719 | 20 years confinement |
| robbery, No. 817,720 | 20 years confinement |
| carrying a firearm in a prohibited place, No. 839,680 | 10 years confinement |

Presenting four issues, he contends (1) the trial court erred in finding him guilty of aggravated robbery because the evidence contained in the presentence report reflected that he was only guilty of the lesser offense; (2) trial counsel was ineffective in failing to move that his guilty plea in cause number 817,718 be withdrawn or in failing to argue insufficiency of the evidence to support a conviction; (3) his guilty pleas in all four cases were involuntary where trial counsel failed to explain that under the facts that were presented in support of cause number 817,718 he could not be found guilty of aggravated robbery; and (4) the case must be abated and he be provided an opportunity to file an out-of-time motion for new trial because he was denied effective assistance of counsel during the period for filing a motion for new trial. Based upon the rationale expressed herein, we affirm.

Although appellant was convicted of four separate offenses, his issues all arise from the facts of the offense charged in cause number 817,718 as reflected by the presentence report.[2] On May 27, 1999, appellant, then 16 years old, approached complainant in a mall

---

[2]The presentence report also reflected that appellant suffers from attention deficit disorder and several conduct disorders. Although raised in a stable family environment, he has had behavioral problems since preschool and has been in trouble with the law since 1994. After being certified as an adult he entered guilty pleas and was convicted of all four charged offenses.

parking lot and demanded her purse. While asking appellant why he was "doing this," she observed a knife. Appellant told complainant he wanted to buy CDs. To distract appellant, the complainant introduced herself, flattered and flirted with him, and offered to take him inside the mall and buy the CDs for him. Appellant then dropped the knife and went with the complainant inside a department store. Complainant, an employee of the store, convinced appellant to wait in the shoe department while she clocked in for work. Instead, she contacted the store's loss prevention personnel, who called mall security.

Appellant's first three issues involve related arguments; thus, we will consider them together. Restated, he first asserts that it was error to find him guilty of aggravated robbery in cause number 817,718 because the presentence report reflected that he was only guilty of the lesser offense because the State did not prove complainant was in fear of imminent bodily injury or death. Then, by his second and third issues, he claims trial counsel was ineffective for failing to withdraw his guilty plea in cause number 817,718 resulting in all four guilty pleas being involuntary because counsel failed to explain that he could not have been found guilty of aggravated robbery under the facts presented. We disagree.

A robbery becomes an aggravated robbery if the actor "uses or exhibits a deadly weapon." Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 1994). A deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. § 1.07(a)(17)(B). The indictment in cause number 817,718 recites that appellant did

3

intentionally and knowingly threaten and place [complainant] in fear of imminent bodily injury and death, and the Defendant did then and there *use and exhibit a deadly weapon, to wit: a knife*.

(Emphasis added). In McCain v. State, 22 S.W.3d 497, 503 (Tex.Cr.App. 2000), the Court concluded that a butcher knife partially exposed to complainant was "used" in facilitating the underlying crime and thus legally sufficient to support a conviction for aggravated robbery. According to the presentence report, complainant observed a knife as appellant demanded her purse. The plea proceeding also indicates that appellant knowingly plead guilty to using a knife at the time of the robbery. Thus, the trial court did not err in finding appellant guilty of aggravated robbery.

Appellant's complaint that trial counsel was ineffective for failing to move that his guilty plea to aggravated robbery be withdrawn is also without merit. To establish a claim of ineffective assistance, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To sustain a challenge of ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's conduct might be considered sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994).

4

Once appellant was admonished regarding his guilty pleas and evidence was presented, the trial court ordered preparation of a presentence investigation report (PSI) to consider in assessing punishment. *See* Tex. Code Crim. Proc. Ann. arts. 37.07, § 3(d) & 42.12, § 9(a) (Vernon Supp. 2003). Once a case is taken under advisement for a PSI, the decision to allow withdrawal of a plea is discretionary with the court. Coronado v. State, 996 S.W.2d 283, 285 (Tex.App.–Waco 1999, no pet.). Appellant asserts that the PSI demonstrated he was only guilty of the lesser offense of robbery. However, complainant's statement that she observed a knife during the robbery supports that appellant was guilty of aggravated robbery. Thus, because the record supports a conviction for aggravated robbery and appellant has not shown that the trial court would have permitted him to withdraw his guilty plea, his ineffective claim fails.

Appellant also contends that counsel's failure to explain that he could not be guilty of aggravated robbery rendered all his pleas involuntary. We disagree. A trial court cannot accept a guilty plea unless it determines that it is freely and voluntarily given. Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989); Burke v. State 80 S.W.3d 82, 93 (Tex.App.–Fort Worth 2002, no pet.). Proper admonishment of a defendant pursuant to article 26.13 of the Texas Code of Criminal Procedure (Vernon Supp. 2003), constitutes prima facie evidence that the plea was knowing and voluntary. *See* Martinez v. State, 981 S.W.2d 195, 197 (Tex.Cr.App. 1998) (en banc). After being properly admonished, the burden shifts to the defendant to show that he did not fully understand the consequences of his plea and that he suffered harm. *Id.*

5

During the plea proceeding appellant was properly admonished regarding all four charged offenses and plead guilty to each. The court then went further and asked appellant to explain in his own words what had happened and he responded:

> Beforehand I'm saying I'm guilty of the allegations and I'm waiving a right to a jury trial and I'm fixing to go to a presentence investigation and I'm going to put it in your hands or the jury's hands for disposition.

Appellant also responded affirmatively when the court inquired if he'd had sufficient time to consult with his lawyer prior to making his decision. Because nothing in the record indicates that his pleas were involuntary appellant has failed to defeat the prima facie showing of voluntariness. Issues one, two, and three are overruled.

By his fourth issue, appellant requests that we abate the appeal and remand the cause to allow him to file an out-of-time motion for new trial to assert that he was denied effective assistance of counsel during the period for filing such a motion. We disagree. We recognize that the 30-day period for filing a motion for new trial is a critical stage of a criminal proceeding in which defendants are entitled to assistance of counsel. Jack v. State, 64 S.W.3d 694, 696 (Tex.App.–Houston [1st Dist.] 2002, pet. granted). In *Jack*, the appeal was abated because appellate counsel was not appointed until after the expiration of the 30-day deadline in which to file a motion leaving the defendant without the benefit of counsel during a critical stage of the proceeding. *Id*. at 697. Here, however, appellant admits in his brief that his trial counsel "remained on the case for four months after sentencing."

6

A factor to consider in determining whether to allow an out-of-time motion for new trial is whether the issue complained of can serve as the basis for a post-conviction writ of habeas corpus. Pettway v. State, 4 S.W.3d 390, 391 (Tex.App.–Houston [1st Dist.] 1999, pet. ref'd). Ineffective assistance of counsel may be raised in a post-conviction habeas proceeding. *Id*. Thus, we decline to suspend the operation of the Texas Rules of Appellate Procedure and abate the appeal and remand the cause to permit an out-of-time motion for new trial. Issue four is overruled.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.