NO. 07-00-0494-CR


NO. 07-00-0495-CR


NO. 07-00-0496-CR


NO. 07-00-0497-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 31, 2003



______________________________




PRINCEWILL AZUBURIKE TATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;



NOS. 817,718, 817,719, 817,720, & 839,680; HONORABLE DON STRICKLIN, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION (2)


 Following four pleas of guilty without agreed recommendations on punishment on 
May 25, 2000, appellant was convicted of the charged offenses, and on August 18, 2000,
was sentenced, as follows:


aggravated robbery, No. 817,718
25 years confinement
robbery, No. 817,719
20 years confinement
robbery, No. 817,720
20 years confinement
carrying a firearm in a prohibited place, 
No. 839,680
10 years confinement

Presenting four issues, he contends (1) the trial court erred in finding him guilty of
aggravated robbery because the evidence contained in the presentence report reflected
that he was only guilty of the lesser offense; (2) trial counsel was ineffective in failing to
move that his guilty plea in cause number 817,718 be withdrawn or in failing to argue
insufficiency of the evidence to support a conviction; (3) his guilty pleas in all four cases
were involuntary where trial counsel failed to explain that under the facts that were
presented in support of cause number 817,718 he could not be found guilty of aggravated
robbery; and (4) the case must be abated and he be provided an opportunity to file an out-of-time motion for new trial because he was denied effective assistance of counsel during
the period for filing a motion for new trial. Based upon the rationale expressed herein, we
affirm.

 Although appellant was convicted of four separate offenses, his issues all arise from
the facts of the offense charged in cause number 817,718 as reflected by the presentence
report. (3) On May 27, 1999, appellant, then 16 years old, approached complainant in a mall
parking lot and demanded her purse. While asking appellant why he was "doing this," she
observed a knife. Appellant told complainant he wanted to buy CDs. To distract appellant,
the complainant introduced herself, flattered and flirted with him, and offered to take him
inside the mall and buy the CDs for him. Appellant then dropped the knife and went with
the complainant inside a department store. Complainant, an employee of the store, 
convinced appellant to wait in the shoe department while she clocked in for work. Instead,
she contacted the store's loss prevention personnel, who called mall security. 

 Appellant's first three issues involve related arguments; thus, we will consider them
together. Restated, he first asserts that it was error to find him guilty of aggravated
robbery in cause number 817,718 because the presentence report reflected that he was
only guilty of the lesser offense because the State did not prove complainant was in fear
of imminent bodily injury or death. Then, by his second and third issues, he claims trial
counsel was ineffective for failing to withdraw his guilty plea in cause number 817,718
resulting in all four guilty pleas being involuntary because counsel failed to explain that he
could not have been found guilty of aggravated robbery under the facts presented. We
disagree. 

 A robbery becomes an aggravated robbery if the actor "uses or exhibits a deadly
weapon." Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 1994). A deadly weapon is anything
that in the manner of its use or intended use is capable of causing death or serious bodily
injury. § 1.07(a)(17)(B). The indictment in cause number 817,718 recites that appellant
did 

 intentionally and knowingly threaten and place [complainant] in fear of
imminent bodily injury and death, and the Defendant did then and there use
and exhibit a deadly weapon, to wit: a knife. 

(Emphasis added). In McCain v. State, 22 S.W.3d 497, 503 (Tex.Cr.App. 2000), the Court
concluded that a butcher knife partially exposed to complainant was "used" in facilitating
the underlying crime and thus legally sufficient to support a conviction for aggravated
robbery. According to the presentence report, complainant observed a knife as appellant
demanded her purse. The plea proceeding also indicates that appellant knowingly plead
guilty to using a knife at the time of the robbery. Thus, the trial court did not err in finding
appellant guilty of aggravated robbery.

 Appellant's complaint that trial counsel was ineffective for failing to move that his
guilty plea to aggravated robbery be withdrawn is also without merit. To establish a claim
of ineffective assistance, a defendant must establish that (1) counsel's performance was
deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a
reasonable probability that but for counsel's deficient performance, the result of the
proceeding would have been different, a reasonable probability being a probability
sufficient to undermine confidence in the outcome. Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To sustain a challenge of ineffective
assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228
(Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's
conduct might be considered sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771
(Tex.Cr.App. 1994).

 Once appellant was admonished regarding his guilty pleas and evidence was
presented, the trial court ordered preparation of a presentence investigation report (PSI)
to consider in assessing punishment. See Tex. Code Crim. Proc. Ann. arts. 37.07, § 3(d)
& 42.12, § 9(a) (Vernon Supp. 2003). Once a case is taken under advisement for a PSI,
the decision to allow withdrawal of a plea is discretionary with the court. Coronado v.
State, 996 S.W.2d 283, 285 (Tex.App.-Waco 1999, no pet.). Appellant asserts that the
PSI demonstrated he was only guilty of the lesser offense of robbery. However,
complainant's statement that she observed a knife during the robbery supports that
appellant was guilty of aggravated robbery. Thus, because the record supports a
conviction for aggravated robbery and appellant has not shown that the trial court would
have permitted him to withdraw his guilty plea, his ineffective claim fails.

 Appellant also contends that counsel's failure to explain that he could not be guilty
of aggravated robbery rendered all his pleas involuntary. We disagree. A trial court
cannot accept a guilty plea unless it determines that it is freely and voluntarily given. Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989); Burke v. State 80 S.W.3d 82, 93
(Tex.App.-Fort Worth 2002, no pet.). Proper admonishment of a defendant pursuant to
article 26.13 of the Texas Code of Criminal Procedure (Vernon Supp. 2003), constitutes
prima facie evidence that the plea was knowing and voluntary. See Martinez v. State, 981
S.W.2d 195, 197 (Tex.Cr.App. 1998) (en banc). After being properly admonished, the
burden shifts to the defendant to show that he did not fully understand the consequences
of his plea and that he suffered harm. Id. 

 During the plea proceeding appellant was properly admonished regarding all four
charged offenses and plead guilty to each. The court then went further and asked
appellant to explain in his own words what had happened and he responded:

 Beforehand I'm saying I'm guilty of the allegations and I'm waiving a right to
a jury trial and I'm fixing to go to a presentence investigation and I'm going
to put it in your hands or the jury's hands for disposition.


Appellant also responded affirmatively when the court inquired if he'd had sufficient time
to consult with his lawyer prior to making his decision. Because nothing in the record
indicates that his pleas were involuntary appellant has failed to defeat the prima facie
showing of voluntariness. Issues one, two, and three are overruled.

 By his fourth issue, appellant requests that we abate the appeal and remand the
cause to allow him to file an out-of-time motion for new trial to assert that he was denied
effective assistance of counsel during the period for filing such a motion. We disagree. 
We recognize that the 30-day period for filing a motion for new trial is a critical stage of a
criminal proceeding in which defendants are entitled to assistance of counsel. Jack v.
State, 64 S.W.3d 694, 696 (Tex.App.-Houston [1st Dist.] 2002, pet. granted). In Jack, the
appeal was abated because appellate counsel was not appointed until after the expiration
of the 30-day deadline in which to file a motion leaving the defendant without the benefit
of counsel during a critical stage of the proceeding. Id. at 697. Here, however, appellant
admits in his brief that his trial counsel "remained on the case for four months after
sentencing."

 A factor to consider in determining whether to allow an out-of-time motion for new
trial is whether the issue complained of can serve as the basis for a post-conviction writ
of habeas corpus. Pettway v. State, 4 S.W.3d 390, 391 (Tex.App.-Houston [1st Dist.]
1999, pet. ref'd). Ineffective assistance of counsel may be raised in a post-conviction
habeas proceeding. Id. Thus, we decline to suspend the operation of the Texas Rules of
Appellate Procedure and abate the appeal and remand the cause to permit an out-of-time
motion for new trial. Issue four is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.4.
3. The presentence report also reflected that appellant suffers from attention deficit disorder and
several conduct disorders. Although raised in a stable family environment, he has had behavioral problems
since preschool and has been in trouble with the law since 1994. After being certified as an adult he entered
guilty pleas and was convicted of all four charged offenses. 



 style="font-family: 'Arial', sans-serif">          Initially, we note that appellant did not raise the issue of concurrent/consecutive
sentencing either during sentencing nor at the hearing on the motion for new trial. 
Therefore, appellant has waived this issue. Tex. R. App. P. 33.1. On the issue of whether
trial counsel adequately explained the possibility of probation from a jury, we find that the
testimony of trial counsel during the hearing on the motion for new trial is sufficient to
support the trial court’s ruling. Appellant contends that trial counsel never raised the
possibility of probation from the jury. However, upon recall, trial counsel explained that,
because the State intended to proceed forward to trial on each indictment, her opinion was
that a jury was not likely to recommend probation in five separate trials. Even if trial
counsel’s testimony raised, at best, a conflict in evidence as to whether trial counsel
conveyed the information to appellant that probation was an option with a jury, the trial
court did not abuse its discretion in overruling the motion. See Keady, 687 S.W.2d at 759.
We defer to the determinations of the trial court. See Santacruz, 963 S.W.2d at 196. We
overrule appellant’s first issue.
Voluntariness of plea
          When considering the voluntariness of a guilty plea, we must examine the entire
record. See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). 
A finding that a defendant was duly admonished creates a prima facie showing that a guilty
plea was entered knowingly and voluntarily. Id. at 197. A defendant may still raise the
claim that his plea was not voluntary; however, the burden shifts to the defendant to
demonstrate that he did not fully understand the consequences of his plea such that he
suffered harm. Id.
          On appeal, appellant contends that his pleas were involuntary because he did not
believe he was eligible for probation from a jury and further believed that sentencing from
a jury meant automatic consecutive sentencing. However, the clerk’s record in each of
these cases contains a felony plea memorandum containing appellant’s signature
documenting that appellant was indeed admonished accordingly. See Tex. Code Crim.
Proc. Ann. art. 26.13 (Vernon Supp. 2009).


 Since the felony plea memorandum creates
a prima facie showing of voluntariness, see Martinez, 981 S.W.2d at 197, the burden is
upon appellant to demonstrate he did not fully understand the consequences of his plea. 
Again, the issue of consecutive sentences was not raised during the hearing on the motion
for new trial nor at the original plea. Hence, the record before us contains no evidence of
appellant’s alleged misunderstanding regarding consecutive sentencing. We conclude that
appellant has not met his burden and that the record does not support appellant’s
contention that his attorney led him to believe that jury sentencing meant automatic
consecutive sentencing.  
          Next, appellant contends that he believed that a jury could not give him probation
and that his only option for receiving probation was to go to the trial judge for punishment. 
From the testimony during the hearing on the motion for new trial, trial counsel initially
stated that “I had also already provided him with copies of the statutes that showed he
wasn’t eligible for probation.” However, when asked to clarify her statement, trial counsel
stated

If we went to successive trials – once he had one trial doesn’t mean he’s
going to get probation on the other trials, or that you would be able to give
him probation. Probation is always a possibility. I repeatedly told him that
I did not feel like a jury trial in Randall County would give him probation on
any case that was tried. I had prepared applications [for probation] to
provide him. . . . it was just that once we tried one, even if he had gotten
probation on one of them, it doesn’t mean if we went to trial on the next one
– and my understanding from the district attorney’s office was that they
would do a jury trial on each one of the offenses. So it’s not that he wouldn’t
have necessarily been eligible, but that I didn’t feel that a jury would give him
probation, that if we did one it doesn’t mean he would get it on all the others.

 
When directly asked if appellant knew that there was that slight chance that he could get
probation from a jury, trial counsel answered, “I am – I – yes.” Further on cross
examination, trial counsel was asked, “Did you tell him he was not eligible for probation
from a jury,” trial counsel answered, “No.” During that same hearing, appellant testified
and stated, “I asked her [trial counsel] what would be the best solution if possible, and she
said the judge would probably be the best solution, because the jury would stack the
charges and all – probably would not give you probation.” However, when asked later, “Did
you ever, at any time, think that a jury could give you probation in these cases,” appellant
answered, “No.”
          In addition to the testimony offered at the hearing on the motion for new trial, we
also have a transcript from a meeting between appellant, trial counsel and the district
attorney. In an unusual step, and against trial counsel’s advice, appellant demanded and
received a meeting with the district attorney and an assistant district attorney. At the
meeting, the State reiterated its offer to appellant that, in exchange for a plea of guilty, that
the State would recommend life sentences but would ask that the sentences not be
stacked. At that meeting, several terms related to probation were used including stacked,
concurrent, and deferred adjudication. Finally, we have the clerk’s record of the plea
hearing where it appears that appellant received properly administered admonishments. 
          From an examination of the entire record, it would appear that the only evidence
supporting appellant’s contention is his self-serving statement at the hearing on the motion
for a new trial. Appellant was aware of, at minimum, the possibility of probation. 
Considering that appellant was insistent that he be given probation, trial counsel would
have investigated the different possibilities of gaining probation for her client. In support
of that proposition, we have trial counsel’s statement that she had never told him that he
couldn’t get probation from a jury, but only that there was a slight chance. We also have
appellant’s statement that trial counsel told him that a jury “probably would not give you
probation.” We also have a transcript of a meeting requested by appellant where probation
is the main topic of discussion. Throughout the meeting, appellant and the attorneys
discuss several options such as jury trials, plea bargains, and an open plea before the
judge. Eventually, appellant decides on an open plea because of the understanding that
the judge could give him deferred adjudication. At that plea, appellant signed a felony plea
memorandum containing the admonishment according to art. 26.13 as well as received the
same admonishments from the trial judge verbally. Considering the prima facie showing
that a guilty plea was entered knowingly and voluntarily, we conclude that appellant has
not met his burden to demonstrate that his plea was involuntarily entered because he
believed that a jury could not give him probation. We overrule appellant’s second issue.
Ineffective assistance of counsel
          The right to counsel affords an accused an attorney reasonably likely to render and
rendering reasonably effective assistance. See Stafford v. State, 813 S.W.2d 503, 506
(Tex. Crim. App. 1991). In analyzing claims of ineffective assistance of counsel, we apply
the two-part test announced in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,
80 L. Ed. 2d 674 (1984). Ex parte Ellis, 233 S.W.3d 324, 330 (Tex. Crim. App. 2007).
Under this framework, appellant must prove by a preponderance of the evidence that: (1)
his counsel's performance was deficient; and (2) there is a reasonable probability–one
sufficient to undermine confidence in the result–that the outcome would have been
different but for his counsel's deficient performance. Id.
          To establish deficient performance, appellant must show that counsel was not acting
as a reasonably competent attorney, and his advice was not within the range of
competence demanded of attorneys in criminal cases. Id. Appellant must overcome the
strong presumption that counsel's conduct fell within the wide range of reasonable
professional assistance. Id. Therefore, appellant must overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial strategy.
Id. The reasonableness of an attorney's performance is judged according to the prevailing
professional norms and includes an examination of all the facts and circumstances
involved in a case. Id. We must be highly deferential to trial counsel and avoid the
deleterious effects of hindsight. Id.
          Under the second prong of the Strickland analysis, appellant must establish that the
constitutionally deficient performance prejudiced his defense--that is, he must show that
there is a reasonable probability that, but for counsel's unprofessional errors, the result of
the proceeding would have been different. Id. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. at 330-31. When making this
determination, any constitutionally deficient acts or omissions will be considered in light of
the totality of the evidence before the judge or jury. Id. at 331.
          Under the first prong, it appears that trial counsel has performed according to the
professional norms. Since appellant was facing 3g offenses, see art. 42.12 § 3g, appellant
was not eligible for judge ordered community supervision after conviction or a plea of guilty. 
 Thus, appellant’s only options were to receive probation from a jury at the conclusion of
five jury trials, or to receive deferred adjudications from the trial judge. See art. 42.12 § 4,
5. Although testimony at the hearing on the motion for new trial was confusing at times,
it is apparent that appellant’s trial counsel was discounting the possibility of appellant
receiving probation from a jury multiple times, not that probation was not available from a
jury. Additionally, appellant and his counsel had met with the district attorney and an
assistant district attorney to discuss a probation offer prior to the date appellant pled guilty. 
At that time, appellant’s trial counsel explained that, if appellant went to the trial judge for
sentencing, the judge was bound within the punishment range for the offenses as set out
by the legislature. However, within that range, trial counsel explained that the judge would
have the ability and discretion to sentence appellant to anything within that range. Also,
at that time, the issue of concurrent sentences came up only briefly. The mention of
concurrent sentences was when the district attorney reiterated the offer previously given
to appellant, that being six life sentences to run concurrently. Given the fact that appellant
was facing six indictments and that the State has declared its intention to prosecute each
before a jury unless appellant pled guilty, appellant has not overcome the strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Ex parte Ellis, 233 S.W.3d at 330. Because appellant has failed to establish
deficient performance by counsel, we will forego any analysis under the second prong of
Strickland. Tex. R. App. P. 47.1. We overrule appellant’s last issue. 
Conclusion
          For the foregoing reasons, we affirm.  
                                                                Mackey K. Hancock

                                                                         Justice

Do not publish.