Opinion issued September 14, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–04–01018–CR




RICARDO DIEGO FUENTES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 971121




MEMORANDUM OPINION ON 
PETITION FOR DISCRETIONARY REVIEW

          We withdraw our previous opinion and judgment that issued August 3, 2006. 
See Tex. R. App. P. 50. We substitute the following opinion in its stead. 
          Appellant, Ricardo Diego Fuentes, pleaded guilty to aggravated sexual assault
of a child, and the trial court assessed his punishment at confinement for 16 years. 
See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii) (Vernon Supp. 2005). In his sole
point of error, appellant argues that he received ineffective assistance of counsel.
          We affirm.Discussion
          Appellant pleaded guilty to aggravated sexual assault of a child without an
agreed recommendation as to punishment. Following a pre-sentence investigation
report that contained numerous character reference letters from family and friends,
the trial court sentenced appellant to 16 years in prison. 
Ineffective Assistance of Counsel
          In his sole point of error, appellant argues that he received ineffective
assistance of counsel because (1) the State’s 10-year plea bargain had not been
communicated to him and (2) his trial counsel did not present any live witnesses
during the punishment phase of trial.
          To prove ineffective assistance of counsel, an appellant must show that (1) trial
counsel’s representation fell below an objective standard of reasonableness, based on
prevailing professional norms and (2) the result of the proceeding would have been
different but for trial counsel’s deficient performance. Strickland v. Washington, 466
U.S. 668, 687–92, 104 S. Ct. 2052, 2064–67 (1984); see also Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999). An appellant has the burden of proving his
claim by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998). We apply a strong presumption that trial counsel was
competent. Thompson, 9 S.W.3d at 813. We presume that counsel’s actions and
decisions were reasonably professional and motivated by sound trial strategy. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).
          Appellant argues that he received ineffective assistance of counsel because 
it seems obvious that there was some kind of glitch in
communications that prevented appellant from receiving the 10
year offer he otherwise would have accepted. . . . The case should
be remanded to allow appellant an opportunity to accept the 10
year offer if that offer was lost due to ineffective assistance of
counsel. . . . In the alternative, the case may need to be remanded
for a new hearing on punishment. . . . The substance of
unsubpoenaed defense witness testimony is suggested by letters
from Appellant’s wife and family members that are attached to
the presentence report. . . . Appellant should be afforded a hearing
at which he may offer testimony of the neglected witnesses as
well as proof of how his attorney’s communications or lack
thereof may have caused Appellant to forego the 10 year offer.

          Appellant’s allegations of ineffective assistance of counsel are not supported
by the record. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)
(stating that allegations of ineffective assistance must be firmly supported in record). 
Appellant did not file a motion for new trial; therefore, the record is silent as to why
appellant did not have any live witnesses testify during the punishment phase of trial. 
Notwithstanding the absence of live witnesses to testify during the punishment phase
of trial, the pre-sentence investigation report contained character reference letters
from appellant’s mother, father, wife, and aunt, as well as a number of friends. Thus,
counsel presented the trial court with favorable character evidence of appellant. 
          The record further reflects that appellant sought a 10-year plea bargain, but the
State was only willing to offer 11 years. Thus, the record does not support appellant’s
statement that “there was a breakdown in communication regarding whether or not
Appellant would accept the 10 year plea offer.” 
          To find appellant’s trial counsel ineffective on the basis of the record before
this Court would require us to speculate, which we will not do. See Gamble v. State,
916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Accordingly,
appellant has not met the first prong of Strickland. See Strickland, 466 U.S. at
688–92, 104 S. Ct. at 2064–67.
          We overrule appellant’s sole point of error.
          Abatement
          Appellant argues that this case should be abated for a hearing on the ineffective
assistance claims made the basis of this appeal. Appellant does not contend that he
did not have counsel after punishment and thus is effectively asking for an out-of-time motion for new trial to develop the record. See Pettway v. State, 4 S.W.3d 390,
391 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Appellant has previously filed
a motion to abate this appeal, which we denied. We likewise decline his request to
abate this appeal because the issues he seeks to develop can properly be raised in a
post-conviction writ of habeas corpus. See id.
Conclusion

          We affirm the judgment of the trial court.



                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Alcala, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).