NO. 07-06-0287-CV



IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 24, 2007


______________________________



MICHAEL R. BENBO, 



 Appellant


v.



UNIVERSITY of TEXAS MEDICAL BRANCH at GALVESTON, et al., 



 Appellees

_________________________________



FROM THE 87TH DISTRICT COURT OF ANDERSON COUNTY;



NO. 10013; HON. PAM FOSTER-FLETCHER, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Appellant Michael R. Benbo, an indigent inmate at the time of the filing of this
lawsuit, appeals from orders 1) transferring venue and 2) dismissing his suit against a
multitude of defendants. Through the suit, he sought damages for medical malpractice
purportedly committed on his toe and involving the treatment of a fungus. He purportedly
contracted the fungus while incarcerated. We affirm both orders. 

 

 Venue

 Suit was initially filed in Travis County. However, venue was later transferred to
Anderson County. According to appellant, the trial judge who executed the transfer order
lacked the authority to do so because she was not assigned to consider the matter in
conformance with Rule 11 of the Texas Rules of Judicial Administration. We disagree.

 Said rule applies to a case involving material questions of fact and law in common
with another case pending in another court in another county. Tex. R. Jud. Admin. 11,
reprinted in Tex. Gov't Code Ann., tit 2, subtit. F app. (Vernon 2005). Benbo neither
argues nor cites us to evidence illustrating that his suit involved questions of law and fact
in common with another suit pending elsewhere. Therefore, Rule 11 does not apply to the
dispute before us. 

 As for the allegations referring to the trial court's decision to act upon the venue
motion "without any statement regarding [Benbo's] motion for extension of time or good
cause to proceed without hearing" said dilatory motion, neither of the two opinions cited by
him, i.e. Walker v. Packer, 827 S.W.2d 833 (Tex. 1992) nor Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916 (Tex. 1985), are applicable. Both deal with writs of mandamus
and involve discovery in preparation for trial and the granting of a new trial, not motions for
an extension of time. Nor do they require the trial court to have "good cause to proceed
without hearing [the dilatory motion]" or obligate it to mention the motion when acting upon
an attempt to transfer venue. 

 Dismissal

 Next, Benbo complains of the trial court's order dismissing his lawsuit as frivolous
and argues that it could only dismiss the proceeding for want of prosecution. We disagree.

 Statute obligates the trial court to dismiss an inmate's suit if the inmate fails to file
his claim before the 31st day after the date he received the written decision from the
internal grievance system. Tex. Civ. Prac. & Rem. Code Ann. §14.005(b) (Vernon 2002). 
Benbo's grievance was finally decided on November 5, 2002, and he received notification
of the decision on November 15, 2002. However, he did not commence suit until February
2, 2004, a date more than 31 days after the grievance decision was received. Thus, the
trial court had no choice but to dismiss the proceeding due to the delay. 

 Accordingly, we affirm the trial court's orders. (1)


 Brian Quinn 

 Chief Justice

 

 

 

 
1. Benbo's motion that we dismiss and impose monetary sanctions against appellees for a "frivolous
response" brief is denied.



ed use is capable of causing death or serious bodily
injury. § 1.07(a)(17)(B). The indictment in cause number 817,718 recites that appellant
did 

 intentionally and knowingly threaten and place [complainant] in fear of
imminent bodily injury and death, and the Defendant did then and there use
and exhibit a deadly weapon, to wit: a knife. 

(Emphasis added). In McCain v. State, 22 S.W.3d 497, 503 (Tex.Cr.App. 2000), the Court
concluded that a butcher knife partially exposed to complainant was "used" in facilitating
the underlying crime and thus legally sufficient to support a conviction for aggravated
robbery. According to the presentence report, complainant observed a knife as appellant
demanded her purse. The plea proceeding also indicates that appellant knowingly plead
guilty to using a knife at the time of the robbery. Thus, the trial court did not err in finding
appellant guilty of aggravated robbery.

 Appellant's complaint that trial counsel was ineffective for failing to move that his
guilty plea to aggravated robbery be withdrawn is also without merit. To establish a claim
of ineffective assistance, a defendant must establish that (1) counsel's performance was
deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a
reasonable probability that but for counsel's deficient performance, the result of the
proceeding would have been different, a reasonable probability being a probability
sufficient to undermine confidence in the outcome. Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To sustain a challenge of ineffective
assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228
(Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's
conduct might be considered sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771
(Tex.Cr.App. 1994).

 Once appellant was admonished regarding his guilty pleas and evidence was
presented, the trial court ordered preparation of a presentence investigation report (PSI)
to consider in assessing punishment. See Tex. Code Crim. Proc. Ann. arts. 37.07, § 3(d)
& 42.12, § 9(a) (Vernon Supp. 2003). Once a case is taken under advisement for a PSI,
the decision to allow withdrawal of a plea is discretionary with the court. Coronado v.
State, 996 S.W.2d 283, 285 (Tex.App.-Waco 1999, no pet.). Appellant asserts that the
PSI demonstrated he was only guilty of the lesser offense of robbery. However,
complainant's statement that she observed a knife during the robbery supports that
appellant was guilty of aggravated robbery. Thus, because the record supports a
conviction for aggravated robbery and appellant has not shown that the trial court would
have permitted him to withdraw his guilty plea, his ineffective claim fails.

 Appellant also contends that counsel's failure to explain that he could not be guilty
of aggravated robbery rendered all his pleas involuntary. We disagree. A trial court
cannot accept a guilty plea unless it determines that it is freely and voluntarily given. Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989); Burke v. State 80 S.W.3d 82, 93
(Tex.App.-Fort Worth 2002, no pet.). Proper admonishment of a defendant pursuant to
article 26.13 of the Texas Code of Criminal Procedure (Vernon Supp. 2003), constitutes
prima facie evidence that the plea was knowing and voluntary. See Martinez v. State, 981
S.W.2d 195, 197 (Tex.Cr.App. 1998) (en banc). After being properly admonished, the
burden shifts to the defendant to show that he did not fully understand the consequences
of his plea and that he suffered harm. Id. 

 During the plea proceeding appellant was properly admonished regarding all four
charged offenses and plead guilty to each. The court then went further and asked
appellant to explain in his own words what had happened and he responded:

 Beforehand I'm saying I'm guilty of the allegations and I'm waiving a right to
a jury trial and I'm fixing to go to a presentence investigation and I'm going
to put it in your hands or the jury's hands for disposition.


Appellant also responded affirmatively when the court inquired if he'd had sufficient time
to consult with his lawyer prior to making his decision. Because nothing in the record
indicates that his pleas were involuntary appellant has failed to defeat the prima facie
showing of voluntariness. Issues one, two, and three are overruled.

 By his fourth issue, appellant requests that we abate the appeal and remand the
cause to allow him to file an out-of-time motion for new trial to assert that he was denied
effective assistance of counsel during the period for filing such a motion. We disagree. 
We recognize that the 30-day period for filing a motion for new trial is a critical stage of a
criminal proceeding in which defendants are entitled to assistance of counsel. Jack v.
State, 64 S.W.3d 694, 696 (Tex.App.-Houston [1st Dist.] 2002, pet. granted). In Jack, the
appeal was abated because appellate counsel was not appointed until after the expiration
of the 30-day deadline in which to file a motion leaving the defendant without the benefit
of counsel during a critical stage of the proceeding. Id. at 697. Here, however, appellant
admits in his brief that his trial counsel "remained on the case for four months after
sentencing."

 A factor to consider in determining whether to allow an out-of-time motion for new
trial is whether the issue complained of can serve as the basis for a post-conviction writ
of habeas corpus. Pettway v. State, 4 S.W.3d 390, 391 (Tex.App.-Houston [1st Dist.]
1999, pet. ref'd). Ineffective assistance of counsel may be raised in a post-conviction
habeas proceeding. Id. Thus, we decline to suspend the operation of the Texas Rules of
Appellate Procedure and abate the appeal and remand the cause to permit an out-of-time
motion for new trial. Issue four is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.4.
3. The presentence report also reflected that appellant suffers from attention deficit disorder and
several conduct disorders. Although raised in a stable family environment, he has had behavioral problems
since preschool and has been in trouble with the law since 1994. After being certified as an adult he entered
guilty pleas and was convicted of all four charged offenses.